Andrew E. Smith, Counsel for Appellant, Hee Sook Kang. Good morning, Your Honors. Andrew Smith for Appellant Kang. There's no appellee. Please, the Court. You can reserve all the time you want, then. Okay. So, I do think I have a lot to say, and I'll try and say it different than the brief because I think I have maybe an argument that needs a lot of persuasion. I'm basically saying the judge is biased, which I don't think I've ever argued in a court. But in this case, there's two bases for our argument. One is the bias, and the other is, you might say, the extreme weakness of the evidence. Now, I know arguing evidence before an appellate court is very difficult because usually the trial judge will say, this was done on veracity and credibility of witnesses. But I might point out Judge Yuen absolutely did not say that, seemed to avoid saying that he made any findings based on credibility. There's three or four things that I think show bias, and I might start that I understand a court. At the beginning of a trial, of course, it's supposed to not be biased. But as the court hears the evidence and looks at the demeanor, they get a type of bias that's allowable. By the end of the trial, the court might say to your witness, I don't find you credible, your manner of answering is just not believable. And I'm not talking about that type bias. That would not justify a reversal. But I'm talking about a bias from something that might have happened outside a court that has no possible arguable, you know, relation to the merits. And there's four or five in this case. One was that Judge Yuen, I might say, just really roundly told off my client for being in Korea the day before the prior hearing, before I was hired. Ms. Pelly Kim had got COVID the day before, so it was canceled. It wasn't going to go ahead. And the clerk called Appellant Kang's house and found out the brother said, Well, she's in Korea. This is the day before. That really upset Judge Yuen, and he said she wasn't expected back. So at the beginning of the trial and the beginning of closing argument, you might call it by the judge, she was told off. The words were, Why shouldn't I just default you? Well, you're wasting our time. Well, she wasn't wasting time because the case had to be continued. Maybe it showed disrespect for the court. Maybe it showed not a good regard for her own case. Now, there was no chance to say, Why were you in Hawaii the day before? No, not Hawaii. Korea. Somehow I'm thinking Hawaii. Twice as far as Hawaii. Not there to the west. Why are you so far away? Why did you come to this? But the thing is, you know, possibly it's a 12-hour flight. There could have been reasons. But it's just not part of the case. It did happen during the case, right? I mean, this came out during. It's not during the trial, but it's during the litigation. Yeah, during litigation. But I'm just saying it's not related to the merits. But that's not the only thing. The whole flow of this was Judge Yuen trying to find reasons to, in fact, default the client without, and not let her, you know, get her on the ballpark, get her day in court. And everything seemed like he did not want to mention credibility because her story was incredible and it was disproved. Give me a hand with something. The fact that a judge makes a ruling that's adverse to somebody isn't necessarily showing bias. No. And the fact that a judge may show some frustration when he believes someone's not following court orders or local rules wouldn't be bias. So where do we, I mean, highlight for us. Okay. I mean, what's the evidence of the bias? Because I think you need a fairly strong showing. And where's the prejudice? Well, that was what I was alluding to at the beginning. Okay, I'm sorry. I didn't mean to hurt you. It's not just talking about, you know, not sufficient evidence, which is hard in front of a panel, but telling a panel that you believe a judge should be reversed for bias. And there's a few things. Yes, rulings, there are certain rulings, you don't like them, and that alone doesn't show bias. But in this case, you could look at what the judge summed up for his reasons. And he went through the elements, and he said things that nobody would argue have any merit in the law or the facts. And a best illustration is what he said about reliance and why there was no reliance. He said, well, Ms. Kang, you gave the money in this corporate account. At first he tried to say maybe Ms. Kim was a CEO and therefore could do anything she wanted, card bonds, there's no rule like that. But that turns out he even, X party, which was probably okay, looked up to see who was the CEO. Well, she wasn't. So the reliance was Ms. Kang, you should have realized that Ms. Kim could have just ran away with the money. She had the power to sign and go. You couldn't possibly rely on her. She could easily run away with the money. Well, that could be said. That's completely, without arguing, meritless as a way to rule against reliance because you could say that about the bank teller, the person took your car to fix it or held it for collateral. You don't have to show reliance that the other party is physically disabled or in the real world disabled. Reliance is, the standard of reliance is you're told something and you believe it. And in this case, she was told, she asked to consult, how do I protect my money from creditors, judgment creditors? That was the consultation and was told, put it in this corporate account, that will protect it, I'll protect it. Ms. Kim always writes that it was her money. So that was the way I felt the judge during summation was trying to find evidences of default. If there was even an argument supporting such a thing, I wouldn't say it, but it shows a predisposition to find against her. The other was the misstating of the evidence. He didn't want to base it on her credibility. So it was either you defaulted because, for example, you didn't put stuff in the joint pretrial wrong, the basis was right in there, even mentioning the superior court judgment. But what he said was wrong was there was a general agreement, couldn't base it on Ms. Kim's credibility, a general agreement that this money was meant to go out on loans. Well, neither party said that. Both of them said exactly the opposite. Ms. Kim said that when it went into her personal account, she didn't tell Ms. Kang. She said there was a general, maybe this is where the judge got it, maybe to be fair, maybe just the impression was Ms. Kim said, the only thing was there was a deal where I would do what was ever best, it was in my personal account. But my client, so she didn't tell Ms. Kang that it would be loaned out. Both of them absolutely agreed it wouldn't be loaned out, yet Judge Hewins said, well, there's general agreement, kind of like this is an admission. There was a second one like that, the loan. But just to be clear, that's a factual matter, so he had to be clearly erroneous about that, right? Yes, he's clearly erroneous. There's absolutely nothing in the record. Both parties say the opposite. The other was a loan. And, well, Mr. Smith, you're a bankruptcy lawyer. You know if it's a loan, it's simply dischargeable. And there was some general agreement. Again, it was a loan. Not said, not said. Both parties absolutely didn't say that. The other way to make it a default was when the appellee's lawyer was cross-examining Ms. Chang, whose native language is Korean, so it would be difficult enough if you were fluent in English. He said, well, you've changed your theory. Were you misled about it going to be a consultation agreement, or were you misled that it would be kept in an account? And she knew there was something wrong. No, that's wrong. Then Judge Hewins, when he came back, said, I'm not going to let you change your theory. And he bought that as a change of theory. And yet, when you read it, it's consistent. She said, I wanted to know where my money should be, you know, how to protect it. So I consulted with Ms. Kim. That's the consultation, but it wasn't for money. It was advice. And she said, put it in an account. I'll help you. And, well, that's not true. I won't help you. And even if it's misrepresentation by failure to completely disclose, it's a standard, worse than promissory fraud, it's a standard type of bank, pardon me, fraud case. She was told it's clear as day. She was told, this will protect your money. I'm doing it for you.  There's a few other things that's showing bias. You know, I might say that if you were to think of a hypothetical case where there's no question someone stole the money, not this case, but what would you have? The first thing would be a transfer into the defendant, the person who stole the money, into their personal account. We have that. The next thing would be they have no accounting whatsoever where. Was it into a personal account? It went in first to the corporate, but then to personal. That's where it was. Yeah. Then you'd have no accounting where the money went. The expected trail of documents wouldn't be there. And in this case, we have that so like in spades because she says it's a loan to friends. She took a postdated check as collateral. No check came in. And this is a few other things. No emails. No correspondence. No names of the people. No payment by any three. So zero documents. And Judge Yun, another thing that shows bias because he. I don't like saying this about a judge. Maybe it was introverted, maybe. But he recognized I'd been hired the day before. I didn't know everything. So I was told this is simply not in the complaint and this is not in the joint pretrial. And I kind of thought it was in the complaint. And, of course, as your honors know, you can amend according to proof. It's a simple type case. But it is in the joint pretrial. It says there was a stipulation in lower court, Superior Court, to fraud. And there was a judgment. And the judge was critical of me for taking the case. Why did you come on this day and file a dispositive motion on the day of the trial? I never heard this. I never heard any of this. It sounded like he never heard that there was a state court judgment we would argue was preclusive. But when you really look at the record, what he was saying is he didn't. He didn't know about it. As you can see, he's saying I just didn't know there would be a summary judgment on the day of trial. Well, there wasn't a summary judgment on the day of trial. It was a trial brief. The issue of the preclusive effect of the lower court was preserved there. So I should have been allowed to bring that in. As I say, it was a trial brief. It wasn't a summary judgment. Let me ask you about the judgment because it is in the record. We did see it. The judgment says it's a judgment on a second amended complaint. The only complaint that was offered in the exhibits was the first amended complaint. So how is the judge to decide exactly what claims that judgment adjudicates when the complaint on which it's based wasn't offered? Well, it seemed like the judge was saying you can't bring that subject in because I understand. I understand that. I'm saying let's suppose that we decide that he was wrong, that he should have had that in front of him. Would that have had preclusive effect anyway where the complaint that the judgment was based on was not made part of the record? I don't think it would absolutely have preclusive effect because of what Your Honor said. But, in fact, having researched the cases, even if he had the judgment and he had a stip, if the stipulation doesn't nail down each of the elements, if it's just conclusionary, it's fraud, bankruptcy court probably will, you know, disregard it. But the fact is when I describe the absolute perfect case where, you know, judgment based on deficiency of evidence, that's real hard. Well, the reason is there's an admission. Not that there would be summarily adjudicated, but there was also a written admission, and that sort of puts the icing on the cake, the no evidence. So even if the judgment didn't have preclusive effect, it's based on this memorandum, and that's an admission by the defendant of fraud. Well, right. And we had, as I explained earlier when describing the perfect case which fits us, the only way you'd probably get a judgment based on insufficiency against a defendant would be an admission. She raised a fairly triable issue of fact, saying all this looks really looks like fraud. She didn't say that.  I had the balloon over my head. I really, when I was loaning it out to these unnamed friends, I really was planning to do it for the benefit of Ms. King. Thank you, Your Honor. Thank you very much. Thank you. Okay, thank you. The matter is submitted.
judges: FARRIS, LAFFERTY, CORBIT